Argued and submitted February 18, rule held valid June 24, reconsideration denied
August 21, petition for review denied October 6, 1987 (304 Or 240)

# WILSON,
## dba Wilson Chiropractic Clinic, P. C.
*Petitioner,*

*v.*

# WORKERS' COMPENSATION DEPARTMENT,
*Respondent.*

(2-1986; CA A40561)

738 P2d 1001

Brian R. Whitehead, Salem, argued the cause and filed the brief for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter W. McSwain, and Francesconi & Cash, P.C., Portland, filed a brief *amicus curiae* for Oregon Chiropractic Physicians Assn.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner challenges the validity of a fee schedule adopted as an administrative rule by the Workers' Compensation Department. The schedule allows licensed physical therapists to be paid a greater maximum fee than other health professionals, such as chiropractors and osteopaths, are paid for the same services. We hold that the rule is valid.

Petitioner contends that the adoption of the fee schedule exceeded the authority granted the director by ORS 656.248(1):[1]

"The director, in compliance with ORS 183.310 to 183.550 and 656.794, shall promulgate rules for medical fee schedules. These schedules shall represent the 75th percentile of usual and customary fees as determined by the director who shall determine those fees on the basis of generally accepted descriptions of medical service."

Petitioner argues that his position is supported not only by the language of the statute but by the legislative history as well.

■ We conclude that adoption of the rule was within the director's authority. First, the plain language of the statute allows the director to establish schedules. Petitioner argues that the requirement in the statute that fees be based on "generally accepted descriptions of medical service" limits the director's authority, because there are no generally accepted descriptions which differentiate between types of medical providers. However, that requirement in the statute has no relevance to the director's authority to adopt fee schedules. "Generally accepted descriptions" refers to physicians' Current Procedural Terminology (CPT),[2] an American Medical

---

[1] Petitioner also challenges the rule as a violation of ORS 656.248(4), which provides:

"If no usual and customary fee has been established for a given service or procedure the director may, in compliance with ORS 183.310 to 183.550 and 656.794, promulgate a reasonable rate, *which shall be the same within any given area for all primary health care providers* to be paid for that service or procedure." (1985 amendment emphasized.)

The subsection is not applicable, because physical therapists are not primary providers. *Amicus* so concedes. Physical therapists can perform therapy only upon referral. ORS 688.130.

[2] CPT is a system by which procedures or services are identified by a five digit code. To each CPT the director has assigned a relative value which is to be multiplied by a conversion factor. The difference in fees comes from the assigned relative values, not from variations in use of the code.

Association established code which uniformly describes procedures or services but without reference to the profession of the provider. The use of the CPT does nothing to limit the number of fee schedules the director may adopt, but rather insures that providers and insurers use the same terminology in their billing process.

■ Petitioner also argues that the legislative history supports an interpretation of ORS 656.248(1) limiting the director's authority, because language that formerly expressly gave the director the authority to adopt more than one schedule was removed from the statute. Petitioner's reliance on the legislative history is in error. We agree with respondent that the history of ORS 656.248(1) shows a legislative intent that the director be permitted to adopt fee schedules which establish different fees for different professions. The 1971 version of ORS 656.248(1) allowed payment for medical services to be the "usual fee charged by a vendor for similar service." Petitioner concedes that, under that version of the statute, fees could differ on the basis of the profession of the provider. In 1981, as part of the revision of the Workers' Compensation law, the legislature eliminated the reference to vendors' usual fees.[3] However, the elimination of that reference does not prevent the director from differentiating among providers in establishing fees. The legislature permitted the continuation of the distinction by authorizing rules for medical fee schedules. The 1985 amendments did not change the director's authority to promulgate schedules.

■ Petitioner's last challenge is that the schedules violate Article I, section 20, of the Oregon Constitution and the federal Equal Protection Clause. Under either the state analysis, see *Cooper v. OSAA*, 52 Or App 425, 629 P2d 386, *rev den* 291 Or 504 (1981), or the federal rational relationship test, the contention is without merit.

Rule held valid.

---

[3] The version of ORS 656.248 adopted in 1981 provided, in part:

"(1) The director, in compliance with ORS 183.310 to 183.550 and 656.794, shall promulgate rules for medical fee schedules and shall update such schedules on a periodic basis. In promulgating such rules the director shall consider:

"(a) Medical service coding;

"(b) Usual and customary medical service fees[.]"